Before argument begins, let me say you're as our all counsel and the judge is in a difficult position because we can't do visual cues So I'd ask you to listen extra carefully For when a judge starts to speak so that they can ask a question Okay Yes, your honor Yes, your honor. Okay, go ahead and proceed. Mr. Murphy You how long are you reserving? Five minutes, your honor. Okay, go ahead and start Thank you, your honor and may it please the court the district court made three main errors I'll jump in by discussing the courts incorrect legal standard and then I'll point out the key factual errors And finally, I'll address the court's improper resolution of factual disputes in Ball's favor Little housekeeping question for you On page 10 footnote 4 of the blue brief you provide a YouTube link to a video. What's the foundation? The YouTube link was Referenced at some point during the district court proceedings, but there's no It was never entered into the evidence of any particular proceeding and it's strictly there for Reference if it if it gives some sense of aluminum can design I Don't see how we can take cognizant cognizance of it if it doesn't have a foundation. We certainly can't take judicial notice That's fine. Your honor. Okay, go ahead With regard to the legal framework for indefiniteness Repeatedly the district court said that it was seeking the precise Location of the lower point on the cannon wall and that that phrase precise location is not just harmless verbiage It reflects substantive errors in two ways First is the standard under Nautilus, of course is not precise It's reasonable certainty and the focus on location is wrong because it's not the location of a lower point that matters What matters is the claimed angle of the line now yet the claimed angle depends on the location of the point but as the record of this case itself shows Because of the realities of cannon design the movement of that point does not always affect the angle in any type of Substantively important way and can I this is this is just Toronto. Let me let me Pick up on a point that I come into this oral argument having near the front of my mind Both sides to ball and and and your side and I did Talk I want to pick up on the term that you use does not always affect whether a you know, realistically Designed can that would meet other elements of the claim? would be uncertain as to and as to the angle of the line being inside or Outside the particular claim limitations and I my I found the record rather Thin on That question both from balls point of view and your point of view I'm not sure ball actually put in evidence that even though the different methodologies Could pre do could produce different angles that it could produce in a realistic world a different angle some of which would fall inside and some of which would fall outside the Claim limitations which differ from claim to claim. Can you illuminate this? issue for me Well your honor I agree with the way that you put it that ball did not produce that evidence and if I had to try to illuminate it I Would say that it has to do with the way that all frame the issue on summary judgment the question of whether there were Different methods for determining the location of the second point and what effect that might have in the real world What was not an issue that was disputed in this case? Before summary judgment with motion was filed in 2018. So there was not really a built-up record on it both motion is premised on Three supposedly different methods used by crowns own expert in the past and that's Let me just try to just so we're on the same page Assume for me with me for purposes of this question that That dr. Or. Mr. Higgin did indeed use. Let's say three different methods and they could produce different angles Just assume that I'm interested in the question whether those Differences were shown in the record one way or the other to be to have a material bearing on whether a Competitor would be infringing or not No, your honor. They were not accepting your counterfactual hypothetical that the other two methods the finite element analysis and a be Really were different methods that a skilled artist in might look to there was no evidence that applying those methods To some particular end or a real-world end Would would yield materially different Different material differences in the angle with respect to the claims the closest. I mean just to continue on the point I think the closest that ball comes of the way ball frames it is they say well with respect to finite element analysis If you look at figure four and you look at testimony that I am gave from 2008 that You know according to ball the high and put the point in two slightly different spots But even accepting the whole premise of balls argument It falls on the point that you raised judge Toronto because the two different points posed by balls counsel Yield exactly the same angle and with respect to the a B case. It's a similar story where when? Haim applied the method that he used in the a B case this angle deflection approach To the CDL and that's at issue in this case. I am reached exactly the same result for the claimed angle so in at page 6672 of the appendix which I think is the other side something from the other side's expert There is I think an assertion with a picture To the effect that although it wasn't one of mr. Haim's methods that claim language because it leaves Uncertain where the lower point is the so-called second point or the transition point? that Leaves uncertain whether one could use what is something Essentially at the bottom of the bead and if you use that I think their expert says you actually fall below the 30 degree Figure which I that's the eight to six figure not the eight seven five figure if I remember right What do you make of that evidence and first of all was that part of the summary judgment motion or a response a reply or What this is a 6672 of the joint appendix I'll start with the last part of the question you asked if memory escapes me, but I believe that ball entered Believe that ball entered this portion of its experts non-infringement report as part of its reply In meaning that the the views of its expert was not part of balls motion for summary judgment This wasn't teed up For example the way it was in the Pacific Coast building case where the move-in Defendant had an expert that put together a whole story about why there were different methods So this came in I think it's part of the reply But it really has nothing to do with balls theory and or the district courts decision Which is based entirely on I am zone past testimony now reflecting on the the testimony of balls expert with respect to non-infringement Balls expert says that What you need to look for is a deflection in the angle of the cannon wall Well, it's the same point of view that ball advanced during claim construction unsuccessfully But by the way in mr. Highams reply report When he responded on this he said well when I look for a deflection of the angle in the wall I'm looking for when the curved wall becomes straight and when he did that analysis, which is in his reply expert report He reached the exact same point Lower point as he reached using the method he had used in his opening report That address your honors concern Well enough for now. Thanks Okay I would like to touch on the the question of materiality and the burden of proof Continuing on on what the court just raised It's balls burden here to present Something more than hypotheticals and something that matters in the real world. And when you look at the indefiniteness cases that played out Post Nautilus and even pre Nautilus going back to Honeywell What the court looks for is is there is there a showing here that this supposed difference matters and it has to be that way because Nautilus left us with this reasonable certainty standard. They didn't tell you what's reasonable and what's unreasonable and Materiality the concept of whether the difference matters is the way in which to map reasonable certainty onto a particular art in a particular field Involving particular patents and that's what we that's what the district court did wrong And that's what we'd ask this court to correct it to require It's to require the district court to look for that materiality proof which which ball didn't offer mr. Murphy This is judge Chen before you go. Could you just Give me some concrete Example of what you think the other side would need to do in a remand to establish that The outcomes would be different Applying these various methods assuming for the moment that there were in fact various methods espoused by high-end Well, I'm hesitant to give all ideas your honor I Mean I suppose I would look to the cases where that was proven successfully and though I know it's a non-precedential case I found the Pacific Coast building case to be fairly taking And and a good explanation of how an expert it would be balls expert in this case would say well I'm going to take methods. I'm going to assess a certain number of methods I'm going to prove that those methods would have been adopted by skilled artisans There's some reason why a skilled artisan would have adopted one of those methods or considered it And I'm going to prove that it makes a difference. I'm going to apply it in a real-world situation I don't know. It doesn't necessarily have to be infringement materiality can take different forms depending on the issue But I'm going to apply it in a real-world situation and prove that there is a lack of Reasonable certainty and then crown would get the opportunity to respond and then that would be resolved in those factual disputes would be resolved by by a jury If it's accessible to the court, I'd like to reserve my remaining time All right, you may do that Thank you Counsel you ready to proceed? Yes. I am your honor. Thank you your honor if I could I Please court. I'd like to Jump straight to the question the judge Toronto posed to mr. Murphy and direct the court's attention to a couple of particular places in the record where the materiality of the Of this ambiguity and uncertainty the judge Rice recognized is quite clear They are respectively the fact that using the change in direction test in the a B case With the accused end in that case the anheuser-busch lof plus end Mr. Haim calculated The angle in that case at 45 degree using the location that he picked with that test for the lower point He measured exactly the same end in our case below For secondary consideration purposes, so he took the same end and he measured it again to try to show that it practiced the claims that were being asserted and it fell within them and Those that side-by-side those two analyses appear on page 40 of our blue brief on the left side And in one of these images, they're red Yeah of our yes, I'm sorry judge of our red brief of our our brief I'm a little colorblind today on the phone, I guess But if you look on page 40 of our brief on the left side is the analysis that he did in the a B case And on the right side is this analysis of exactly the same and in our case Okay, the one is 45 degrees and the other is 48 degrees Yes, your honor, and I would know the same can would end up infringing the asserted claim some of the asserted claims One of the asserted claims is claim 54 and that has a claim range from 40 to 45 So the if using that that's that but that that's the only one that there are only three claim ranges, right? There's 20 to 60 30 to 60 and 40 to and 40 to 45 So it could be indefinite for purposes of claim 54, but but not the others Well, if the only claim were claim the others a 20 to 60 claim It would be a harder argument and I'd get to the second example I'm going to give you but the same claim language the very same term Cannot be indefinite with respect to one claim in the other because of the particular nuances of the accused product why not what what what what I mean, I was wondering about that and I guess the answer is not perfectly clear to me, but why shouldn't that be the case if you if you had essentially an image a Difference that was immaterial for purposes of claim one, but quite material for purposes of claim to Why should that That disparity not your honor. It's he reflected in the conclusion It's not so much the difference is or isn't material for one claim or another it is that this particular end would infringe under one and not the other it is just as as Ambiguous and as your honor was posing the question to to mr. Murphy. You noted that it wasn't just a question of Would the accused and infringe in one case versus the other case? It was a question of it goes to the heart of the public notice requirement that that pervades all the indefiniteness cases and and the Supreme Court's decision in Nautilus and that that it isn't just a question of whether this defendant post hoc Did or did not fall within that range? It's a question, but that's but I and I agree with that I think that that is very clearly not the standard but if it were this that the case that all candy manufacturers would look at the range of possible methodologies for choosing the lower point and therefore defining the line and say every one of them falls between You know 35 and 50 At that point who cares about the uncertainty for a claim That's 20 to 60 or 30 Your honor I would point to at least two cases that squarely preclude that result the first is this court's amgen case where and it and that is um, uh, Where and and the uh, the the the technology there challenges me. Um, but there was a uh, uh an artificial uh protein Um that had to differ from the naturally occurring human one and there were multiple ways to measure that and the and and the um patent owner plaintiff, uh expert, uh Showed that at least the way he calculated it It would infringe under either and this court found that that did not matter for the very reasons that I was just talking about that there's a a notice and the A requirement here. There's a notice purpose so that those who are trying to design around have some reasonable certainty And in amgen, it didn't even matter. I would also note although this is is not Uh, it wasn't called out as being relevant to materiality like an amgen It wasn't I would note your honor that we address the amgen at some length in our brief And crown's reply brief does not mention the case once but the the other point I would make your honor is I I believe in The in the teva case itself where the range was from between five and nine um megadaltons Um or microdaltons. I I apologize. It was daltons. Um, and and there in the supreme court decision um And explaining the facts the court noted that on the different tests the results would be I think they were six seven and about eight But the tests were all within the range and the court did not consider that um Problematic either because the test articulated clearly in teva at the supreme court and dow and teva uh on remand Isn't whether they do in a particular case or even whether they do in a particular product It's whether they can the teva and dow those opinions on Uh post nautilus post teva supreme court both talk about it might or it could and that that is nowhere near The standard that crown would impose which is that we have to prove that that it actually wouldn't infringe under one But for that your honor, I would direct your attention to the specific page of the of the record that your honor pointed out 66 72 in the appendix and that is in fact from the infringement report of our expert and it does show That and and and he cautioned that he found all these indefinite But but trying as best he could to use the least indefinite or or or such He on the accused end would put the second point way down in the bottom Very very far below the center panel, which does get it below 27 degree get it below 30 degrees so there's even more of the patents or the claims that that are um that are asserted here that we would be outside of using the change in angle test and to the extent that when we put several examples of the alternatives in our brief um And i'm finding that page. I think it's our brief At page 39 where we put sort of four of them there um Of those four it's i'm sorry It's on page 36 of those four The one on the upper right is mr Hyams where he puts it automatically across from the center panel his current test and the one immediately below it is that is our Expert, mr. Gilleste where he would put it using the the change in geometry test and it's a decided difference I would also note your honor with respect to can it be in in invalid for one claim? But not another a couple of additional points first in this very case There are substant there well There were substantial 102 and 103 validity questions with respect to the various claims and how big the angle was in the prior art It's very disputed. In fact, that was how and this is judge chen Uh for getting back to your red brief page 36 and the four photos Could you identify for me which test is being? Uh used for each photo The the one on the upper right is Mr. Hyam across the center panel the one below it corresponds to our expert using um In essence a change in direction test, although he words it slightly differently, but but largely that that's it a b change in geometry test no, the well, um Yes, I think it fits within that test Yes, your honor the change in the change in direction change in geometry that he found that coming down the left side The only place where you can discern a change in the shape of that cross section Is down where he puts the red dot down in the bottom as opposed to the other two photos The one on the left it those are are are more for example, your honor the one on the left Would make it directly across you on the left which which oh, I apologize the lower one on the left I'm, sorry, your honor the lower one on the left would take it apart Across from the upper portion of the u so if one tried to to to sort of salvage Uh definiteness here by by using the definition of the arb as as u-shaped That's as far as it goes on the inside looking like a u and that would take it across it And the one upper left Would since the entire shape below the blue dot is the cannon wall the first change in direction Is where the red one is and that gives you a decidedly different range now? I I you know, that's a test that wasn't before the court But or that's an implementation of the change in direction court, uh test that wasn't before the court, but it's equally plausible And that's that's what I think judge rice correctly found Um, but what I was going to mention a second ago Your honor is that these same rules apply in settings where there is no accused product Um examiners have to grapple with them. Uh, the p-tab has to grapple with them at post-grant review indefiniteness can come up and indefiniteness cannot depend on the on the specifics Of a particular end that happens to be accused or frankly and in the definite term could be salvaged By simply picking which claims they want to they want to accuse Claim the claim 54 that has the angle of 40 to 45 Is frankly the one that is the most difficult for us to take on under 103 and they know that Um, but but claims the claims to drop down to 20 degrees and have a 20 to 60 degree uh range um, your honor those are We believe Unlikely to make it the trial or withstand a challenge to any judgment that came on them because the prior art is is is Loaded with angles that are in the 20s. So That's for all of those reasons your honor one. There is no Authority that we can see Where anyone has ever? Lost an invalidity challenge as to one claim But not the other simply because of the the range differs between the claims And two if that were to be the law as crown seems to suggest Um that that really would create a whole lot of fundamental ways in which that indemnity law would would violate the supreme court's emphasis on fair notice and Reasonable certainty as to whether one infringes or doesn't um I don't know. Let me understand your argument is If claim 54 is indefinite then claim 50 also has to be indefinite Yes, your honor. It's the same claim language that is in both And it can affect the outcome In that one it clearly can in the in in well, I guess what I guess what i'm wondering is why would uh? Why would a claim that claims a narrower range and and is deemed invalid necessarily result in the Another claim that has a broader range Because it's valid because it's the claim term itself. It's it's not the range that makes it invalid It's the location of the point that makes it invalid is the methodology For determining the bottom point that then gives you the hypothetical line that you measure the slope of to determine whether it's inside or outside the the entire purpose of Locating the point Is so that you can determine? the the angle range Right, there's no other purpose To your honor. It's john lukin again And I think I was near the end of my time when that last question was posed Sure thing. Let me just quickly repeat the question to make sure. Uh, everybody here, uh heard the question the question is um what the purpose of The claim limitation for the second point As I understand it is it's a it's a means for uh Determining what the the claim angle should be for a hypothetical straight line between The recited first point and the second point and there's no other real purpose for the recitation of that second point in the claim in other words, it's It the claim is offering a methodology for determining How do you get to the claimed angle range? and and there's no other purpose behind the Definition of the second point and so I I guess what i'm trying to understand is why isn't our focus properly placed on figuring out whether you can Reasonably ascertain what the claimed angle is for any product as opposed to more narrowly focusing on what is the most Proper and appropriate and precise selection of that second point Okay, thank you judge and and first the the lower point Is primarily it's here To allow the measurement of this angle. There's no question about that But but the the point I was trying to make your honor is that we now have of record And and and judge rice recognized that it it matters with respect to the accused end or the lof end It matters for claim 54 For the accused end the selection of tests matters At least down to the 30 degree claim. So it's all but the 20 to 20 The 20 to 60 your honor. I don't think there's a case anywhere That suggests that we had to put on an evidentiary proof that someone in the world was contemplating or could have contemplated A change to that end that is on appendix 6672 The one from our experts report that would take it even farther below 20 But if someone wanted to make that design change, they certainly are entitled to know How to measure whether they're at 18 or 22 or 25. That's the whole point of of of Nautilus and of teva and there is can I just can I just ask because I think the 6672 Puts the thought in my mind Um, the district court did not find that that point that kind of the bottom of the bead would actually Um come within the claim construction. I know your expert asserted it, but the district court didn't Didn't say so and it I don't know. I guess it seems to me a little bit That there might be some challenge in establishing that that point actually could come within it since Nothing to the left of that point would really constitute Um one half of the u that's part of the u-shape Your honor. I I I think that the I agree that the district court opinion does not specifically call that one out the district court followed this court's lead in um in dow and in teva and in amgen where the standard it used was whether it could or it might Affect the outcome and it did it more in principle knowing that as an amgen even if nothing before it Um, did it would it take it outside of the range? It still said that's enough that in k and other cases that can make a difference same thing with the molecular weight In teva where they all fell within the five to nine range This court said it could or it might change it and I think based on what? Um, mr Hyman, can you point me to where in the district court opinions did the district court do this analysis where? He felt convinced that um these different methodologies would result in in consequential material differences in outcome I believe I don't recall him actually pointing to names specific examples or hard evidence that established that he just sort of declared it I He First he concluded that the test is as I said that it could or it might um on page, I believe it is 33 of the appendix. He said that the test may have different results. They do not always have the same results There's one additional point that the judge that judge rice did More specifically rely on and that's the fact that the across from the center panel test that mr. Hyam uses um gives you a different result than the test that is in that is that It's not a test than the result that is articulated in the in the patent Um where it says the height of the reinforcing bead is h4 so that that places it below Um where mr. Hyam was placing it on the preferred embodiment So I think the judge was applying a standard judge rice was applying a standard that read more like amgen Dow and teva as to whether it in general can affect a critical outcome And given that it could and he had before him situations where it did That would be enough under those cases and it's it would be hard to reconcile requiring more of him as to particulars Um that an accused end or a hypothetical end that someone else was considering making Fell within each of the asserted claims that that that would run directly contrary to this court's holding in amgen So I think the judge applied the standard that way So he may not have cited all of the record evidence that was before him that underlied That that conclusion that it could but if this court were To apply the higher standard the harder standard and use this case to change to pivot to that um This is in the intrinsic evidence and and or it's in the evidence for the court and there isn't really a dispute over that He's he he drew he he calculated them differently I think i'm pretty deeply into overtime. So I will conclude unless unless um any of you Your honor based on that based on the standard We would ask you that judge rice did apply the correct standard to this particular question that we've been discussing Um, we would ask you to affirm his decision below. Thank you. Thank you counsel Would the court like uh crown to proceed yes, please. Okay. Um, Mr. Murphy, could you start with a discussion of amgen? Um, I it's The other didn't and i'd like to hear your thoughts on it um oh your honor, I Apologize for not having particularly deep thoughts on amgen because I didn't find it particularly factually analogous Um, and I don't think that there was I didn't see anything in amgen that contradicted the basic principles that we're trying to advance here Which are that the test is reasonable certainty and that you can't show reasonable certainty Unless there is a real world impact of that reasonable certainty There's some material sense and I think there's a lot of indefiniteness cases out there You know including amgen and some of the others that are in the record here where um, the issue simply wasn't raised Or it was already conclusively Uh conceded. Um, and so I think I would categorize amgen and that in that group of cases where the issue just wasn't raised I don't think the holding is contrary to what we're saying here um I would like to address some of the comments that were made by ball council about claim 54 and just Generally with regard to the angle deflection method a lot of the discussion that we've had has been accepting the hypothetical premise that a person of ordinary skill in the art would be Reasonably or unreasonably certain as to whether to choose haim's method or the angle deflection method If that's the starting point then, you know, you can have a discussion about whether there's a material difference there But I want to be clear that crown completely rejects the angle deflection method Haim's own testimony about the angle deflection method which ball's motion is based on says that Uh that he wouldn't do it that way and that is the evidence in the record reflecting the perspective of a skill a person skilled in the art And and second the way that ball's expert. Mr. Gilleste applied the angle deflection method at 66 72 and similar pages in the appendix It yields a structure that is not an annular reinforcing bead So crown does not concede that that is a possibility as a designated annular reinforcing bead That's the one down at the bottom of the trough That's right, your honor. Yeah And so as it's just simply not it's not a conceded issue in the slightest And if that's what ball wants to make its case about well First of all, it should have premised its summary judgment motion on that and if that's the issue It wants to take to trial then then hopefully, uh, you know, we'll have a chance to defend that at trial um and then finally Just a small nit but it's an important one with regard to claim 54 is the claim is not 40 to 45 It's about 40 to about 45 And uh, there's testimony from mr Heim in the record that with respect to the lower wall angle On the samples that he measured that there is a you know, a several degree variance manufacturing variance and heim never said that the can end that was measured And shown in his expert report in the ab case was literally the same can end that was measured in this case The fact is not because you can tell that on the face of the record the can end from the ab case That's in the appendix is cross-section cut in half. Whereas the can end um That is measured in in this case for purpose of showing commercial success because the lof plus end is licensed Um is a full a complete end that was measured using a you know, a different type of measurement method Mr. Murphy, uh, just real quickly. Oh sure the the photos on page 36 of the red brief Uh, those are images of the accused product. Is that right? Correct your honor just one image And uh, are there is that the only accused product? At this stage in the case, yes, your honor, okay, and Uh, do you agree that the lower right? hand Corner image is um an accurate depiction of The so-called change in geometry test I think it's it's meant to reflect Mr. Gilleste ball's experts use of the change in geometry test I would make the point that when hyam used the change of geometry test He got the same point that's shown in the upper right and that's on 62 50 to 51 of the appendix Okay Thanks, um if the court has Unless the court has further questions for me. I would ask that the summary judgment, um be vacated and that this case be remanded for trial. Thank you Matter will stand submitted that concludes our oral arguments today. Thank you The honorable court is adjourned until tomorrow morning at 10 a.m